Laura J. Eakes
Walker & Eakes, LLC
329 F Street, Ste 200
Anchorage, AK 99501
Phone (907) 272-9255
Fax (907) 27-9256
Laura@walkereakes.com

Attorney for Defendant City of Ketchikan

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| BRUCE JOSEPH HATTRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF KETCHIKAN, JOHN KLEINEGGER AND SETH BRAKKE, | ) Case No. 5:20-cv-00013-SLG |
| | ) |
| Defendants. | ) |

## AFFIDAVIT OF JOHN KLEINEGGER

STATE OF ALASKA         )
                        ) ss.
THIRD JUDICIAL DISTRICT )

I, John Kleinegger, being first duly sworn upon oath, depose and state:

1. I have knowledge of the matters attested to in this affidavit.

2. Mr. Hattrick has proposed a subdivision for property in Ketchikan identified as Rosemary Loop 1080. The proposed water system extension for this subdivision will supply a number of new lots with water from the City's water system. The City has not signed off on the Engineering Plan Review required by the Alaska Department of Environmental Conservation

(ADEC) in the absence of an extension agreement with Mr. Hattrick. As owner of the City drinking water system, the City must attest to the quality of the water supply. At present, in the absence of a written extension agreement, it cannot do so.

3. We believe Mr. Hattrick has started work on the water system without approval from ADEC.

4. The City of Ketchikan has drafted a Utility Extension/Modification Agreement pursuant to Ketchikan Municipal Code. Mr. Hattrick has refused to sign a Utility Extension/Modification Agreement. He has claimed that the City is not permitted to require such an agreement under the Equal Protection clause of the Constitution of the United States.

5. The City of Ketchikan has enforced the requirement of a written extension agreement once before in around 2002. The City has not required an agreement in other cases because the majority of water line extensions are done under publicly bid construction contracts that have specifications and requirements parallel with the utility extension agreement. Alternately, the City has self-performed line extensions with internal staff in lieu of contractors. When KPU has an executed construction contract or self-performs the utility extension, the extension agreement is not needed.

6. The City decided to enforce the requirement of a line extension agreement in this case due to the absence of a construction contract or self-performed work, and because of disagreements the City has had with Mr. Hattrick over the standards and methods to be utilized. The City believes that the agreement is necessary in order to clarify the City's position and protect the City's interests as defined in the relevant ordinances.

7. One of the disagreements with Mr. Hattrick regarding the proposed Rosemary Loop subdivision water supply involves the method to be used to connect the subdivision line

*Hattrick v Ketchikan*; Case No. 5:20-cv-00013-SLG
****
Page 2 of 3
Case 5:20-cv-00013-SLG   Document 27-2   Filed 05/11/21   Page 2 of 3

Walker & Eakes, LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

to the City water main. Mr. Hattrick's HDPE fusion machine did not have a data logger when he made HDPE pipe welds on the pipe being installed in the ground for this project. Without the data logger, it is not possible to verify the quality of the welds. Mr. Hattrick has refused to correct this problem.

8. In the prior Jackson Heights subdivision, Mr. Hattrick may have used an improper or inadequate joint coupling to connect to the City's water main. He has never presented proof of what coupling was used, and backfilled the connection without approval from the City. Concerns over this project have also supported the decision to ensure that the water utility extension be governed by a formal agreement as required under ordinance.

9. The City is not acting arbitrarily or with malice towards Mr. Hattrick. The City has an overriding obligation to ensure that the present and future users of its water system have access to fresh clean water. The ordinances being enforced through the agreement were enacted in furtherance of that policy objective.

10 MAY 2021
Date

John Kleinegger

SUBSCRIBED AND SWORN to before me this 10th day of May, 2021.



Dorene M. Demmert
Notary Public in and for
the State of Alaska
My commission expires: 7/15/22

Walker & Eakes, LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

*Hattrick v Ketchikan*; Case No. 5:20-cv-00013-SLG
****
Page 3 of 3