# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

BRUCE JOSEPH HATTRICK,

        Plaintiff,

   v.

CITY OF KETCHIKAN, *et al.*,

        Defendants.

Case No. 5:20-cv-00013-SLG

## ORDER RE MOTION FOR DISCOVERY

    Before the Court at Docket 32 is Plaintiff Bruce Hattrick's Motion for Discovery. Defendants City of Ketchikan, John Kleinegger, and Seth Brakke (collectively, "Defendants") responded at Docket 34, to which Mr. Hattrick replied at Docket 37.

    In his motion, Mr. Hattrick requests that the Court order Defendants to produce a number of documents that "the defendants have failed to provide [] in their initial disclosure that Hattrick has been requesting."[1] However, Mr. Hattrick does not dispute Defendants' assertion that Mr. Hattrick "has not yet served written discovery in the form of requests for production, interrogatories and requests for admission."[2] Instead, Mr. Hattrick replies that "Defendants knew Hattrick was requesting this information and still refused to provide any of it in their initial disclosure," and asserts

---

[1] Docket 32 at 2–3 (Mot.).

[2] Docket 34 at 2 (Opp.).

that "Defendants should have been required to provide this information to Hattrick in their initial disclosure."[3] It appears that Mr. Hattrick is referring to a previous motion for discovery, "which seems may not have been timely."[4]

Federal Rule of Civil Procedure 26(a)(1) governs initial disclosures. As relevant here, Rule 26(a)(1) provides that

> a party must, without awaiting a discovery request, provide to the other parties: [] the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; [] a copy—or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment; . . . [and] any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.[5]

Mr. Hattrick has not explained which of these categories the various documents he seeks fall within. Nor has he informed the Court of what documents, if any, he has received from Defendants in their initial disclosures. Instead, he asserts that "defendants have failed to provide information in their initial disclosure that Hattrick has been requesting, and other information that helps prove his case."[6] But Rule 26(a)(1), as quoted above, does not require a party to include in its initial disclosures

---

[3] Docket 37 at 2 (Reply).

[4] Docket 32 at 2 (Mot.).

[5] Rule 26(a) also requires, as part of the initial disclosures, that a party disclose "a computation of each category of damages claimed by the disclosing party."

[6] Docket 32 at 2 (Mot.).

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Motion for Discovery
Page 2 of 4
Case 5:20-cv-00013-SLG   Document 40   Filed 08/25/21   Page 2 of 4

all information that it knows the opposing party may want or that may help the opposing party.

If Mr. Hattrick believes that the initial disclosures he received from Defendants are inadequate, he should write to them and explain what he perceives as the inadequacy. In the event that the parties are unable to resolve that dispute, he may file a motion with the Court seeking to compel additional initial disclosures. He should append to his motion the initial disclosures he received, and explain why in his view they are inadequate pursuant to Rule 26(a)(1).

To the extent Mr. Hattrick seeks documentation or other information from Defendants that is not subject to the initial disclosure rule, he must serve a written request for that discovery that complies with the applicable Federal Rule of Civil Procedure. Then, if Defendants do not fully and timely comply with his formal discovery requests, he must first make a "good faith . . . attempt[] to confer . . . in an effort to obtain [discovery] *without court action*."[7] Only if his efforts to resolve the dispute with Defendants are unsuccessful may he then file a motion pursuant to Rule 37 seeking to compel the production of that discovery. The motion should include with his motion a copy of the discovery request(s) that he propounded to the Defendants, together with any response to that discovery that Defendants provided, and he should then explain why the response was not adequate. The motion must also detail the efforts he made to resolve the dispute prior to filing the motion.

---

[7] Fed. R. Civ. P. 37(a)(1) (emphasis added).

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Motion for Discovery
Page 3 of 4
Case 5:20-cv-00013-SLG   Document 40   Filed 08/25/21   Page 3 of 4

Federal Rule of Civil Procedure 37(a)(1) provides that a motion compelling discovery "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make . . . discovery in an effort to obtain it without court action." Local Civil Rule 37.1 provides that "[t]he certification required by Fed. R. Civ. P. 37(a)(1) must be in the first paragraph of a discovery motion."[8] As explained in this District's *Pro Se* Handbook,

> [o]rdinarily the court does not get involved in the request and/or exchange of discovery. If the parties have a discovery dispute, they should first make a good faith effort to resolve the dispute between themselves. If they are unable to reach agreement, a party may then move to compel discovery. The motion to compel must include a certified statement, in the first paragraph of the motion, that the party has made a good faith effort to obtain the information or material without court action.[9]

## CONCLUSION

Based on the foregoing, Mr. Hattrick's Motion for Discovery at Docket 32 is DENIED.

Dated this 25th day of August, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[8] The Court's Scheduling and Planning Order provides that "[d]iscovery shall be conducted in accordance with Rules 26 through 37 of the Federal Rules of Civil Procedure" and "any applicable Local Civil Rules." Docket 21 at 1.

[9] Representing Yourself in Alaska's Federal Court (The *Pro Se* Handbook) at 20, https://www.akd.uscourts.gov/filing-without-attorney (last accessed Aug. 23, 2021) (emphases omitted).

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Motion for Discovery
Page 4 of 4