# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

BRUCE JOSEPH HATTRICK,

                Plaintiff,

    v.

CITY OF KETCHIKAN, JOHN KLEINEGGER, and SETH BRAKKE,

                Defendants.

Case No. 5:20-cv-00013-SLG

## ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT AND MOTION FOR ORAL ARGUMENT

Before the Court at Docket 18 is Plaintiff Bruce Joseph Hattrick's motion for summary judgment.[1] Defendants the City of Ketchikan, John Kleinegger, and Seth Brakke (collectively, "the City") filed an opposition and cross-motion for partial summary judgment at Docket 27.[2] Mr. Hattrick filed an opposition to the City's cross-motion and a reply to his cross-motion at Docket 29, and the City filed a reply to its cross-motion at Docket 33. Also before the Court at Docket 35 is Mr. Hattrick's request for oral argument. The City responded in opposition at Docket 38, to which Mr. Hattrick replied at Docket 39.

---

[1] Plaintiff's motion was titled as a "Motion to Compel." However, the parties agreed that the motion should be treated as a motion for summary judgment. *See* Docket 18 at 3; Docket 27 at 1.

[2] Defendants filed their opposition and cross motion at both Dockets 26 and 27. The Court cites only to Docket 27. John Kleinegger and Seth Brakke are employees of the City's water department. *See* Docket 27-3 at 4.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Hattrick seeks to develop a subdivision on property in the City of Ketchikan identified as Rosemary Loop 1080 ("Rosemary Loop").[3] Mr. Hattrick seeks to connect the subdivision to the City's main water supply by extending the City's water line to the property.[4] After an apparent dispute between Mr. Hattrick and the City regarding technical aspects of the utility extension's construction, the City decided to enforce a municipal code provision and require Mr. Hattrick to sign a written utility line extension agreement ("LEA") prior to the City approving a permit that is required by the Alaska Department of Environmental Conservation ("ADEC") before construction can be completed.[5] The City has previously enforced this provision of the municipal code only once before.[6] Mr. Hattrick brought this action under 42 U.S.C. § 1983, alleging the City's disparate enforcement of the municipal code violates his constitutional right to equal protection.[7] Mr. Hattrick seeks an order compelling the City to approve the ADEC permit and finding the proposed LEA unconstitutional.[8] Mr. Hattrick also seeks an

---

[3] Docket 7 at 8 (Compl.).

[4] Docket 27 at 2 (City Opp. and Cross-Mot.).

[5] Docket 7 at 11–12 (Compl.); Docket 27 at 2 (City Opp. and Cross-Mot.).

[6] Docket 27 at 2 (City Opp. and Cross-Mot.) (citing Docket 27-2 at 2, ¶ 5 (Aff. of John Kleinegger)).

[7] Docket 7 at 3 (Compl.).

[8] Docket 18 at 3, 4 (MSJ).

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Cross-Motions for Summary Judgment and Motion for Oral Argument
Page 2 of 10
Case 5:20-cv-00013-SLG   Document 41   Filed 09/13/21   Page 2 of 10

award of $15 million in damages from the City of Ketchikan, $2 million from Mr. Kleinegger, and $2 million from Mr. Brakke.[9]

## LEGAL STANDARDS

### I. Summary Judgment

Federal Rule of Civil Procedure 56(a) directs a court to grant summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." The burden of showing the absence of a genuine dispute of material fact lies with the moving party.[10] If the moving party meets this burden, the non-moving party must present specific factual evidence demonstrating the existence of a genuine issue of fact.[11] The non-moving party may not rely on mere allegations or denials.[12] Rather, that party must demonstrate that enough evidence supports the alleged factual dispute to require a finder of fact to make a determination at trial between the parties' differing versions of the truth.[13]

When considering a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his

---

[9] Docket 7 at 15 (Compl.).

[10] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[12] *Id.*

[13] *Id.* (citing *First Nat'l Bank of Az. v. Cities Service Co.*, 391 U.S. 253 (1968)).

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Cross-Motions for Summary Judgment and Motion for Oral Argument
Page 3 of 10
Case 5:20-cv-00013-SLG   Document 41   Filed 09/13/21   Page 3 of 10

favor."[14] In reviewing cross-motions for summary judgment, a court "review[s] each separately, giving the non-movant for each motion the benefit of all reasonable inferences."[15] To reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the nonmoving party."[16] If the evidence provided by the non-moving party is "merely colorable" or "not significantly probative," summary judgment is appropriate.[17]

## II. Equal Protection

The Equal Protection Clause of the 14th Amendment "commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."[18] The Supreme Court has recognized that "an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that [he] has been irrationally singled out as a so-called 'class of one.'"[19] To succeed on a "class of one" claim,

---

[14] *Moldex-Metric, Inc. v. McKeon Prods., Inc.*, 891 F.3d 878, 881 (9th Cir. 2018) (alteration in original) (quoting *Anderson*, 477 U.S. at 255).

[15] *Flores v. City of San Gabriel*, 824 F.3d 890, 897 (9th Cir. 2016) (citing *Ctr. for Bio–Ethical Reform, Inc. v. L.A. Cnty. Sheriff Dep't*, 533 F.3d 780, 786 (9th Cir. 2008)).

[16] *Anderson*, 477 U.S. at 248.

[17] *Id*.

[18] *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting U.S. Const. amend. XIV, § 1).

[19] *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Cross-Motions for Summary Judgment and Motion for Oral Argument
Page 4 of 10
Case 5:20-cv-00013-SLG   Document 41   Filed 09/13/21   Page 4 of 10

a plaintiff must demonstrate "that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."[20]

## DISCUSSION

The Ketchikan Municipal Code provides that "[e]ach line extension requested requires that a contract be entered into between the applicant requesting utility service and [the City]. This contract will provide for transferring ownership of the completed utility extension to [the City]. All facilities shall become and remain the property of [the City]."[21] The code also provides that the City is the "sole judge as to whether a request for utility service requires that a line extension be constructed[,]" which "will be based upon sound engineering practices and the best interests of [the City]."[22] The code also grants the City the right to easements "as necessary to extend the utilities and for the construction, operation, and maintenance of all [City] facilities, both overhead and underground, and also such easements on the property to which the utility line is extended as are deemed

---

[20] *Olech*, 528 U.S. at 564; *Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1022, 1023 (9th Cir. 2011) ("We have recognized that the rational basis prong of a 'class of one' claim turns on whether there is a rational basis for the *distinction*, rather than the underlying government *action*." (footnote omitted) (emphases in original)).

[21] KMC 11.06.010(b).

[22] KMC 11.06.010(c); *see* KMC 11.06.030(a)(1); KMC 11.06.020(b)(2) ("The design and installation relating to the line extension shall comply with all applicable codes and with all [City] rules, regulations, standards, specifications and policies which pertain to the safe construction and operation of the utility facility. All utility line extensions shall be inspected by [City] or its authorized representative.").

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Cross-Motions for Summary Judgment and Motion for Oral Argument
Page 5 of 10
Case 5:20-cv-00013-SLG   Document 41   Filed 09/13/21   Page 5 of 10

necessary to accommodate providing future line extensions."[23] The easements "shall be granted, at no cost or expense to [the City], and on such form as is required by" the City.[24]

Mr. Hattrick asserts that the City's decision to enforce the municipal code by requiring him to sign an LEA violates the equal protection clause because he was "specifically singled out" for enforcement."[25] Mr. Hattrick contends that the "City of Ketchikan has required more of [him] than they have a similar person in a similar situation" because the proposed LEA would impose certain requirements and obligations on him, "while not requiring others in a similar situation to do the same."[26] Mr. Hattrick also contends that this case is controlled by *Village of Willowbrook v. Olech.*[27]

---

[23] KMC 11.06.020(b)(3)*;* KMC 11.06.030(a)(1).

[24] KMC 11.06.020(b)(3)*;* KMC 11.06.030(a)(1). The proposed LEA largely reflects the requirements of Ketchikan's Municipal Code, with the exception of the proposed LEA's broad indemnity provision. While the Ketchikan Municipal Code contains a policy-like provision that requires the LEA "to protect KPU from potential liability," *see* KMC 11.06.010(f) (applying only to "licensed contractors"), there does not appear to be any specific indemnity requirement that requires the customer to "appear, defend and indemnify" the City for effectively all conceivable damages, regardless of the City's own negligent conduct, including paying for the City's attorney fees. *See* Docket 18-1 at 3, § 4(d) (Design by Customer's Engineer); 7, § 7(c)(ii) (Construction by Customer's Contractor). However, similar indemnity provisions have been upheld by the Alaska Supreme Court. *See Manson-Osberg Co. v. State*, 552 P.2d 654 (Alaska 1976).

While the LEA easement provision is very broad, the City has not yet requested an easement and the parties could negotiate the terms of a specific easement in advance.

[25] Docket 18 at 2 (MSJ); Docket 29 at 3 (Hattrick Opp. and Reply).

[26] Docket 18 at 2 (MSJ); Docket 29 at 2 (Hattrick Opp. and Reply).

[27] Docket 29 at 2, 5 (Hattrick Opp. and Reply).

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Cross-Motions for Summary Judgment and Motion for Oral Argument
Page 6 of 10
Case 5:20-cv-00013-SLG   Document 41   Filed 09/13/21   Page 6 of 10

In *Village of Willowbrook v. Olech*, the property owner plaintiff brought a "class of one" equal protection claim against the Village of Willowbrook, "alleging that the Village intentionally demanded a 33–foot easement as a condition of connecting her property to the municipal water supply where the Village required only a 15–foot easement from other similarly situated property owners."[28] The Complaint also alleged that the Village's demand was "irrational and wholly arbitrary and that the Village ultimately connected her property after receiving a clearly adequate 15-foot easement."[29] The Supreme Court held that the plaintiff's complaint was "sufficient to state a claim for relief under traditional equal protection analysis."[30]

Here, Mr. Hattrick brings substantially similar claims. However, in *Olech* the Supreme Court was addressing the viability of the plaintiff's claims at the motion to dismiss stage—meaning the Court was looking only at whether the complaint adequately alleged a cause of action. The instant case is before this Court on cross-motions for summary judgment—meaning that the Court is now looking at each party's evidence to determine if there are genuine disputes that will require a trial to resolve. Nonetheless, *Olech* is still quite instructive, in that it discusses the necessary elements of a class-of-one equal protection claim. Like the plaintiff in

---

[28] *Olech*, 528 U.S. at 564–65.

[29] *Id.* at 565.

[30] *Id.*

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Cross-Motions for Summary Judgment and Motion for Oral Argument
Page 7 of 10
Case 5:20-cv-00013-SLG   Document 41   Filed 09/13/21   Page 7 of 10

*Olech*, Mr. Hattrick alleges that he alone is being required to sign an LEA in order to get a water line extension, and that the City has acted arbitrarily by "vindictively sing[ling]" him out.[31]

The City responds by asserting that it is not treating Mr. Hattrick differently because there are no others similarly situated to him. The City appears to be asserting that for all other line extensions, there was either a written construction contract with a licensed contractor already in place, which renders a specific LEA moot, or the City performed the work itself.[32]

Mr. Hattrick has not filed evidence with the Court that demonstrates that there are others similarly situated to him from whom the City has not required a line extension agreement, meaning property owners who have obtained water line extensions without a written construction contract and without the City doing all the work. The Court recognizes that Mr. Hattrick is a self-represented litigant who has repeatedly sought to obtain discovery to support his claim, but he has failed to follow the applicable Federal Rules of Civil Procedure and the Local Civil Rules.[33] As contemplated by Federal Rule of Civil Procedure 56(d), the Court will therefore deny without prejudice all pending motions and accord to Mr. Hattrick an additional

---

[31] Docket 7 at 12 (Compl.).

[32] Docket 26 at 2–3 (Opp. and Cross-Mot.); *see also* Docket 26-2 at 2, ¶ 5 (Aff. of John Kleinegger).

[33] Mr. Hattrick should also review the *Pro Se* Handbook, available at https://www.akd.uscourts.gov/sites/akd/files/ProSeHandbook.pdf.

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Cross-Motions for Summary Judgment and Motion for Oral Argument
Page 8 of 10
Case 5:20-cv-00013-SLG   Document 41   Filed 09/13/21   Page 8 of 10

opportunity to obtain discovery to try and show that he is being treated differently from similarly situated property owners.[34] Currently, the dispositive motions deadline is November 15, 2021, and either party may file a renewed motion for summary judgment by that date.[35] The Court also notes that fact discovery currently closes on October 1, 2021.[36]

Federal Rule of Civil Procedure 56 tells a litigant what he must do in order to oppose a motion for summary judgment. When a party makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), the non-moving party cannot simply rely on what the complaint says. Instead, the non-moving party must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the moving party's declarations and documents and show that there is a genuine issue of material fact for trial. If the non-moving party does not submit his own evidence in opposition, summary judgment, if appropriate, may be entered against the non-moving party. If summary judgment is granted, the case is dismissed and there is no trial.

---

[34] Fed. R. Civ. P. 56(d) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.").

[35] *See* Docket 21 at 8 (Scheduling and Planning Order).

[36] *See* Docket 21 at 4 (Scheduling and Planning Order). *See* Fed R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Cross-Motions for Summary Judgment and Motion for Oral Argument
Page 9 of 10
Case 5:20-cv-00013-SLG   Document 41   Filed 09/13/21   Page 9 of 10

## CONCLUSION

In light of the foregoing, IT IS ORDERED THAT the outstanding motions at Docket 18, Docket 27, and Docket 35 are DENIED without prejudice.[37]

Both Mr. Hattrick and the City stand to benefit from a speedy resolution of this matter, in lieu of lengthy and costly litigation. Given that both parties have expressed an interest in settling this matter, the Court strongly urges the parties to consider an alternative dispute resolution mechanism or otherwise attempt to come to an agreement concerning a line extension agreement.[38]

Dated this 13th day of September, 2021, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[37] *See Gerhart v. Lake Cty., Mont.*, 637 F.3d 1013, 1024 (9th Cir. 2011) (citing *Del Monte Dunes at Monterey, Ltd. v. City of Monterey*, 920 F.2d 1496, 1509 (9th Cir.1990)). The Court finds that oral argument would not materially aid in its decision.

[38] *See* Local Civil Rule 16.2(c), *available at* https://www.akd.uscourts.gov/sites/akd/files/local_rules/civil_1.pdf.

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Cross-Motions for Summary Judgment and Motion for Oral Argument
Page 10 of 10
Case 5:20-cv-00013-SLG   Document 41   Filed 09/13/21   Page 10 of 10