# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRUCE JOSEPH HATTRICK,<br><br>        Plaintiff,<br><br>        v.<br><br>CITY OF KETCHIKAN, JOHN KLEINEGGER AND SETH BRAKKE,<br><br>        Defendants. | Case No. 5:20-cv-00013-SLG |

## ORDER RE PLAINTIFF'S DISCOVERY MOTION

Before the Court at Docket 55 is Plaintiff Bruce Joseph Hattrick's discovery motion.[1] Defendants the City of Ketchikan, John Kleinegger, and Seth Brakke (collectively, "the City") filed a response in opposition to the motion at Docket 59.[2] Mr. Hattrick filed his reply at Docket 60.[3] Although the parties' filings include arguments relating to both discovery and summary judgment, here the Court addresses only the parties' arguments as relevant to Mr. Hattrick's request for

---

[1] Mr. Hattrick's motion is titled as a motion for "Discovery of Information." The motion includes support for his discovery motion, as well as support for his motion for summary judgment, filed separately at Docket 44.

[2] Defendants' opposition is titled "Reply in Support of Cross-Motion for Summary Judgement and Opposition to Motion for Discovery." The opposition includes arguments opposing Mr. Hattrick's discovery motion, as well as support for Defendants' cross-motion for summary judgment, filed separately at Docket 51.

[3] Mr. Hattrick's reply is titled "Reply to Opposition of Discovery, Clarify Issues, and Support Summary Judgement." The reply includes arguments in support of his discovery motion, as well as support for his motion for summary judgment, filed separately at Docket 44.

discovery. Mr. Hattrick's motion for summary judgment and the City's cross-motion for summary judgment will be addressed by the Court by separate order. Oral argument was not necessary to the Court's determination of this discovery dispute.

## BACKGROUND

The factual allegations of this case have been set forth in detail in the Court's September 13, 2021 order at Docket 41. The Court assumes familiarity here.

As relevant to this order, the Court issued an order adopting the parties' proposed discovery plan on April 12, 2021.[4] Thereafter, Mr. Hattrick served a discovery request upon the City seeking documents responsive to ten inquiries. Defendants filed their response on November 22, 2021, producing documents responsive to six of Mr. Hattrick's requests, while noting that due to the "voluminous" nature of the materials sought by Mr. Hattrick, "[a]dditional material[s] can be made available for inspection and copying at the expense of the plaintiff."[5] The City furthermore replied that no responsive documents exist with respect to two of Mr. Hattrick's requests, and objected to the production of documents responsive to two additional requests on the basis of relevance and attorney-client privilege, respectively.[6]

---

[4] Docket 21 (Scheduling & Planning Order).

[5] Docket 59-5 at 4 (Defs.' Resp. to Pl.'s Disc. Req.).

[6] Docket 59-5 at 2–3.

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Plaintiff's Discovery Motion
Page 2 of 8
Case 5:20-cv-00013-SLG   Document 62   Filed 03/25/22   Page 2 of 8

In his discovery motion, Mr. Hattrick acknowledges that "defendants have provided some of [his] request for discovery."[7] Mr. Hattrick states that he "spoke with defendants' attorneys who assured him that if he allowed them more time, they would provide" some of the additional documents he requests in the underlying motion.[8] Nonetheless, Mr. Hattrick maintains that Defendants' responses to his discovery requests are incomplete and that some responsive documents have been withheld. Mr. Hattrick also asserts that the City's invocation of the attorney-client privilege should be overcome, or in the alternative, that the City must produce "the minutes of the meetings where Hattrick has publicly requested help from the city, to have the line extension agreement changed."[9] In his motion, Mr. Hattrick makes new requests for the production of additional documents, specifically seeking contracts pertaining to Chris Herby, Kelly Roth, and "the original contract of Wold's project."[10]

In their response in opposition, Defendants assert that Mr. Hattrick failed to engage in a good faith conferral and failed to certify that he had made such an effort prior to filing his motion as required by Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 37.1.[11] Without acknowledging Mr.

---

[7] Docket 55 at 2 (Pl.'s Mot. for Disc. of Information).

[8] Docket 55 at 2.

[9] Docket 55 at 5–6.

[10] Docket 55 at 6.

[11] Docket 59 at 12 (Defs.' Reply in Supp. of Cross-Motion for Summ. J. & Opp'n to Mot. for

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Plaintiff's Discovery Motion
Page 3 of 8
Case 5:20-cv-00013-SLG   Document 62   Filed 03/25/22   Page 3 of 8

Hattrick's claims regarding a verbal agreement between the parties with respect to the scope of discovery, the City argues that several of the documents that Mr. Hattrick seeks, including the Herby and Roth contracts, have not been conferred upon by the parties.[12] The City thus objects to the instant motion as "procedurally flawed."[13] Addressing the merits of Mr. Hattrick's discovery motion, the City reiterates that the requested materials are "extremely voluminous" and therefore that "additional contracts and documents [are] available for copying at Hattrick's expense."[14] With regard to the Chris Herby and Kelly Roth contracts requested by Mr. Hattrick in his discovery motion, the City states that "[t]he Nordstrom Drive HDPE line extension . . . had no formal contract" and that no contract pertaining to Chris Herby could be identified.[15] The City concludes that "[t]he discovery issues can be taken up between the parties and likely resolved" without the need for intervention from the Court.[16]

Mr. Hattrick's reply reiterates his argument that Defendants have provided only "partial discovery."[17] Specifically, Mr. Hattrick alleges that Defendants have

---

Disc.).

[12] Docket 59 at 13.

[13] Docket 59 at 12.

[14] Docket 59 at 12.

[15] Docket 59 at 13.

[16] Docket 59 at 13.

[17] Docket 60 at 3 (Pl.'s Reply to Opp'n of Disc., Clarify Issues, & Support Summ. J.).

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Plaintiff's Discovery Motion
Page 4 of 8
Case 5:20-cv-00013-SLG   Document 62   Filed 03/25/22   Page 4 of 8

withheld a "compliance letter for Jackson Heights,"[18] and adds that "[t]he city seems to have left portions of the contract out" in its document production for both Bamville and Valley Court.[19]

## DISCUSSION

The pre-trial discovery process is governed by the Federal Rules of Civil Procedure.[20] Pursuant to Rule 34, a party seeking the production of documents may serve upon the other party a request that "describe[s] with reasonable particularity each item or category of items to be inspected."[21] The responding party must then "respond in writing within 30 days" and specifically state whether "inspection . . . will be permitted as requested" or alternatively "state with specificity the grounds for objecting to the request, including the reasons."[22]

As this District's handbook for self-represented litigants makes clear, "[i]f the parties have a discovery dispute, they should first make a good faith effort to resolve the dispute between themselves."[23] Indeed, pursuant to Federal Rule 37(a)(1), a party seeking judicial intervention in a discovery dispute must "certi[fy]

---

[18] Docket 60 at 3.

[19] Docket 60 at 5.

[20] *See* Fed. R. Civ. P. 26–37.

[21] Fed. R. Civ. P. 34(b)(1)(A).

[22] Fed. R. Civ. P. 34(b)(2)(A)–(B).

[23] Off. of the Clerk of Ct., U.S. Dist. Ct. for the Dist. of Alaska, *Representing Yourself in Alaska's Federal Court (The* Pro Se *Handbook)* 21 (2020), https://www.akd.uscourts.gov/sites/akd/files/ProSe_Handbook_Revised_2019_0.pdf.

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Plaintiff's Discovery Motion
Page 5 of 8
Case 5:20-cv-00013-SLG   Document 62   Filed 03/25/22   Page 5 of 8

that the movant has in good faith conferred or attempted to confer" before filing its motion.[24] The "good faith confer[al]" is not a mere formality; instead it contemplates "honesty in one's purpose to meaningfully discuss the discovery dispute" and "mandates a genuine attempt to resolve the discovery dispute through non-judicial means."[25] At a minimum, this requirement entails "two-way communication."[26]

The purpose of the good faith conferral rule is to "encourage litigants to resolve discovery disputes by informal means before filing a motion with the court."[27] This District's Local Civil Rule 37.1 underscores the importance of the good faith conferral, providing that "[t]he [good faith conferral] certification required by Fed. R. Civ. P. 37(a)(1) must be in the first paragraph of a discovery motion." The certification must include "the names of the parties who conferred or attempted to confer, the manner by which they communicated, the dispute at issue, as well as the dates, times, and results of their discussions, if any."[28] The failure to satisfy the good faith conferral requirement is a basis to deny a motion to compel discovery.[29]

---

[24] Fed. R. Civ. P. 37(a)(1).

[25] *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996).

[26] *Id.*

[27] *Id.* (citing Fed. R. Civ. P. 37 advisory committee's note to 1993 amendment).

[28] *Id.*

[29] *See, e.g.*, *Dague v. Dumesic*, 402 Fed. App'x 218, 219 (9th Cir. 2010) (upholding district

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Plaintiff's Discovery Motion
Page 6 of 8
Case 5:20-cv-00013-SLG   Document 62   Filed 03/25/22   Page 6 of 8

This Court finds that Mr. Hattrick failed to fulfill both the "good faith confer[al]" requirement in Rule 37(a)(1) and the corresponding requirement in Local Civil Rule 37.1 to certify that such a conferral occurred in the first paragraph of a discovery motion. For these reasons, this Court denies Mr. Hattrick's discovery motion. Even presuming the veracity of Mr. Hattrick's contention that he and the City's attorneys reached a verbal agreement regarding the scope of his requested discovery, this effort alone does not constitute "good faith" within the meaning of Rule 37(a)(1). At a minimum, Mr. Hattrick must have communicated in writing with the City regarding any shortcomings that he perceived in each of the City's discovery responses and then engaged in a good faith conferral to resolve each of those discovery issues without judicial intervention. When the parties communicate in this regard by e-mail, it allows the Court to be assured that a meaningful good faith conferral has taken place.

The Court recognizes that Mr. Hattrick is a self-represented litigant who has repeatedly sought to obtain discovery to support his claim. If Mr. Hattrick seeks additional discovery, he should, pursuant to Rule 34, provide Defendants with a list that identifies with "reasonable particularity each item or category of items" that he seeks. Mr. Hattrick must then allow the City 30 days to respond to his request. If the City then fails to respond to Mr. Hattrick's satisfaction, he must thereafter

---

court's award of attorney's fees resulting from denial of movant's discovery motion for failure to "meet and confer[]" as required by Fed. R. Civ. P. 37(a)(1)).

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Plaintiff's Discovery Motion
Page 7 of 8

Case 5:20-cv-00013-SLG   Document 62   Filed 03/25/22   Page 7 of 8

engage in a "good faith conferral" with the City and attempt to resolve each disputed category of discovery before filing a motion to compel. Only then, if the parties are still unable to resolve their dispute, may Mr. Hattrick motion this Court to compel the discovery that he seeks. In compliance with Local Rule 37.1, in the first paragraph of his motion Mr. Hattrick should certify that he has complied with the "good faith confer[al]" prerequisite, including the actions he took to meaningfully discuss the discovery dispute with the City and his efforts to reach a resolution without judicial intervention. He should append to his motion the e-mail communications memorializing these discussions. In addition, he should append to his motion a copy of the discovery requests that he served on the City and a copy of the City's responses to those discovery requests; it is generally not necessary to include the documents that were produced with the response. In the motion, Mr. Hattrick should identify each specific response that he believes is inadequate and state why he believes that specific response is inadequate.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that the discovery motion at Docket 55 is DENIED without prejudice.

DATED this 25th day of March, 2022 at Anchorage, Alaska.

>   */s/ Sharon L. Gleason*
>   UNITED STATES DISTRICT JUDGE

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Plaintiff's Discovery Motion
Page 8 of 8
Case 5:20-cv-00013-SLG Document 62 Filed 03/25/22 Page 8 of 8