# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

BRUCE JOSEPH HATTRICK,

        Plaintiff,

    v.

CITY OF KETCHIKAN, *et al.*,

        Defendants.

Case No. 5:20-cv-00013-SLG

## ORDER RE MOTION FOR RELIEF FROM FINAL JUDGMENT

Before the Court at Docket 65 is Plaintiff Bruce Joseph Hattrick's *Request Case Continue Without Dismissal*. Defendants City of Ketchikan, John Kleinegger, and Seth Brakke filed a response in opposition at Docket 67, and Mr. Hattrick filed a reply at Docket 68. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

The factual allegations and procedural history of this case are set forth in detail in the Court's orders at Docket 41 and Docket 63. The Court assumes familiarity here. As relevant here, the Court entered a final judgment dismissing this action on the merits on June 21, 2022.[1] Mr. Hattrick subsequently filed the instant motion on July 1, 2022, in which he requests that this Court "keep this civil case open until

---

[1] Docket 64.

defendants fulfill their obligations they agreed upon [in] mediation or [the case] proceed[s] to jury trial."[2] The Court entered an order on July 6, 2022 construing the instant motion as a motion for relief from final judgment under Federal Rule of Civil Procedure 60.[3]

## LEGAL STANDARD

Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief."

The moving party "bear[s] the burden of proving the existence of a justification for Rule 60(b) relief."[4]

---

[2] Docket 65 at 1.

[3] Docket 66.

[4] *Cassidy v. Tenorio*, 856 F.2d 1412, 1415 (9th Cir. 1988); *see also Atchison, T. & S.F. Ry. Co. v.*

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Motion for Relief from Final Judgment
Page 2 of 6
Case 5:20-cv-00013-SLG   Document 69   Filed 08/16/22   Page 2 of 6

**DISCUSSION**

Mr. Hattrick maintains that "there has been a misunderstanding with the court" because he and Defendants had engaged in a mediation prior to final judgment and Defendants "still have not fulfilled their total obligation to the agreed-upon mediation."[5] Specifically, he alleges that Defendants have acted in bad faith and "violat[ed] the most important part of the mediation agreement" by failing to complete a line extension agreement despite agreeing to do so by April 2022.[6] Mr. Hattrick also asserts that "the court made [its] determination without all the proper evidence" because he "agreed to not pursue [his claims regarding the Jackson Heights subdivision] in mediation."[7] He maintains that he was prepared to provide emails to the Court proving that Mr. Kleinegger and Mr. Brakke "committed perjury by affidavit" but did not do so because "the mediation agreement seem[ed] to settle the issue."[8] Accordingly, Mr. Hattrick requests that the Court reconsider its decision on his claims regarding Jackson Heights "to determine if the [City's] reasoning is valid."[9] He does not specify under which ground of Rule 60(b) he seeks relief.

---

*Barrett*, 246 F.2d 846, 849 (9th Cir. 1957) ("[T]here still exists a definite burden on the moving party to prove the existence of the fraud, or other misconduct, or other cause for relief.").

[5] Docket 65 at 1.

[6] Docket 68 at 2.

[7] Docket 68 at 2.

[8] Docket 68 at 2.

[9] Docket 68 at 2.

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Motion for Relief from Final Judgment
Page 3 of 6
Case 5:20-cv-00013-SLG   Document 69   Filed 08/16/22   Page 3 of 6

Defendants identify Rule 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect") as the most likely basis for Mr. Hattrick's request and assert that this ground does not justify relief from final judgment.[10] They explain that "[t]he parties did attend a settlement conference earlier in the year" at which they agreed that "most but not all of Hattrick's pending claims were to be resolved in exchange for a variety of monetary and non-monetary remedies."[11] Defendants maintain that "[t]he parties have been proceeding with implementation of the settlement, though some matters remain to be completed" and that "[t]o the extent the parties reach an impasse, it would simply be a matter of contract enforcement based on the agreed terms."[12] Accordingly, they contend that "any enforcement action on the terms would not even be subject to federal jurisdiction" because "the settlement is an Alaska contract entered into in Alaska between non-diverse parties."[13]

The Court finds that Mr. Hattrick has not met his burden to show that relief from judgment is warranted. Despite the Court construing the instant motion as one under Rule 60(b), Mr. Hattrick's reply does not reference the rule or specify which, if any, of the Rule 60(b) grounds support his request. Even assuming, as Defendants do, that the instant motion is one under Rule 60(b)(1), Mr. Hattrick has not sufficiently shown that "mistake, inadvertence, surprise, or excusable neglect" justify relief. The only

---

[10] Docket 67 at 1–2.

[11] Docket 67 at 2.

[12] Docket 67 at 2.

[13] Docket 67 at 2–3 (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)).

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Motion for Relief from Final Judgment
Page 4 of 6
Case 5:20-cv-00013-SLG   Document 69   Filed 08/16/22   Page 4 of 6

issue that Mr. Hattrick appears to identify with the judgment—as opposed to issues with the implementation of the settlement—is that the Court was not provided additional evidence that would purportedly demonstrate perjury by two of the defendants because Mr. Hattrick chose not to file this evidence based on his mediation with Defendants.[14] This does not constitute a "mistake" or "excusable neglect," as Rule 60(b)(1) is "not intended to remedy the effects of a litigation decision that a party later comes to regret."[15] Nor do Mr. Hattrick's allegations regarding perjury constitute "newly discovered evidence" under Rule 60(b)(2), as Mr. Hattrick apparently possessed this evidence prior to the Court's entry of summary judgment but chose not to provide it to the Court.[16]

To the extent Mr. Hattrick seeks enforcement of his settlement with Defendants, this Court lacks jurisdiction to resolve that issue.[17] It is a dispute between non-diverse parties that appears to present only issues of Alaska contract law; and this action was dismissed based on a motion for summary judgment, not as part of the settlement agreement.[18] Thus, there is no federal subject matter

---

[14] *See* Docket 68 at 2.

[15] *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1101 (9th Cir. 2006).

[16] *See* Docket 68 at 2.

[17] *See Kokkonen*, 511 U.S. at 381 ("The suit involves a claim for breach of contract, part of the consideration for which was dismissal of an earlier federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute.").

[18] Federal Rule of Civil Procedure 41(a)(2) provides for a court's retention of jurisdiction over a settlement contract, but that rule is inapplicable here as the case was not dismissed pursuant to the parties' settlement, and the settlement was not filed with this Court prior to the entry of judgment. "Absent such action, . . . enforcement of the settlement agreement is for state courts, unless there is

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Motion for Relief from Final Judgment
Page 5 of 6
Case 5:20-cv-00013-SLG   Document 69   Filed 08/16/22   Page 5 of 6

jurisdiction;[19] rather, Mr. Hattrick can pursue the relief he seeks by filing a contract enforcement action in state court.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Mr. Hattrick's *Request Case Continue Without Dismissal* at Docket 65 is DENIED.

Dated this 16th day of August, 2022 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

some independent basis for federal jurisdiction." *Kokkonen*, 511 U.S. at 382. Here, no such independent basis for federal jurisdiction exists.

[19] *See* 28 U.S.C. §§ 1331–1332.

Case No. 5:20-cv-00013-SLG, *Hattrick v. City of Ketchikan, et al.*
Order re Motion for Relief from Final Judgment
Page 6 of 6
Case 5:20-cv-00013-SLG   Document 69   Filed 08/16/22   Page 6 of 6